# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## Wheeling

**BRANDON SCOTT CASTLE**,

        Peitioner,

v.                                      **Criminal Action No. 5:21-CV-165**
                                                          Judge Bailey

**R. BROWN**,

        Respondent.

## MEMORANDUM OPINION AND ORDER
## DENYING RECOMMENDATION FOR HOME CONFINEMENT

Pending before this Court is a *pro se* Petition for Habeas Corpus Pursuant to 28 U.S.C. § 22411 [Doc. 1] filed by Brandon Scott Castle.

On February 23, 2017, the petitioner signed a plea agreement in which he agreed to plead guilty to Count Two of the Indictment, charging him with Felon in Possession of a Firearm. Additionally, the petitioner waived his right to appeal and to collaterally attack his sentence. On April 8, 2008, the petitioner entered his plea in open court.

On June 5, 2017, the Court sentenced Mr. Castle to 84 months imprisonment and a term of supervised release of 3 years.

In the pending Petition, Mr. Castle recognizes that the ultimate decision regarding home confinement lies with the Bureau of Prisons ("BOP"), pursuant to the CARES Act, which allows the BOP to lengthen the amount of time that a person may be on home confinement from its previous maximum of the shorter of ten percent of a term of

1

imprisonment or six months.

Title 18 U.S.C. § 3624(c)(1), or the Second Chance Act ("SCA"), provides: The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.

The Director of the BOP also has the authority to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). The SCA does not create "an enforceable entitlement" to any particular form of pre-release custody, but rather provides "merely an authorization . . . for non-prison confinement." **Prows v. Fed. Bureau of Prisons**, 981 F.2d 466, 468-70 (10th Cir. 1992).

To make determinations regarding pre-release custody, the BOP considers, among other factors, "any statement by the court that imposed the sentence [ ] concerning the purposes for which the sentence to imprisonment was determined to be warranted; or [ ] recommending any type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4). A sentencing court may recommend that an offender be placed in a particular facility or program, but the BOP retains the ultimate authority to make placement decisions. **Tapia v. United States**, 564 U.S. 319, 331 (2011) (citing 18 U.S.C. § 3582(a)); **United States v. Williams**, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020) (Bredar, J) (emphasizing that "it is inherently the authority of the Bureau of Prisons to transfer an

inmate to home confinement, pursuant to 18 U.S.C. § 3624(c)").

Courts are split regarding whether a sentencing court may make such a recommendation after the sentence has been imposed. *See generally* **United States v. Reavis**, 2018 WL 2376511, at *1-2 (E.D. Wis. May 23, 2018) (collecting cases); **United States v. Doshi**, 2020 WL 1527186, at *1 (E.D. Mich. Mar. 31, 2020) (supplementing recommendation made at time of sentencing "in light of the interplay of changing circumstances and factors [due to COVID-19] and factors considered at sentencing").

Even assuming that this Court has the authority to make a post-sentencing recommendation to the BOP, the Court declines to do so. As other courts have observed, the BOP is best positioned to make pre-release custody determinations because it is "familiar with the offender and his adjustment in prison, his current treatment needs, the available resources, and the other relevant considerations." **United States v. Ross**, 2018 WL 2376510, at *2 (E.D. Wis. May 24, 2018). The sentencing court, conversely, operates "only on a case-by-case basis, based on dated information, and lacking the BOP's expertise in such matters." *Id*. Therefore, a court in its discretion may deny an inmate's request for a recommendation of pre-release custody, choosing instead to defer to the experience of the BOP. *Accord* **United States v. Baker**, 2016 WL 11265415, at *2 (E.D. Tex. Jan. 6, 2016); **United States v. Bishop**, 2015 WL 13235851, at *3 (D. Haw. Oct. 2, 2015); **United States v. Landers**, 2013 WL 5530271, at *2 (D.S.C. Oct. 7, 2013) (Childs, J).

Accordingly, this Court exercises its discretion in favor of deferring to the expertise of the BOP and declines to recommend Castle's pre-release custody. This Court,

therefore, **DENIES** Mr. Castle's *pro se pro se* Petition for Habeas Corpus Pursuant to 28 U.S.C. § 22411 [**Doc. 1**] and **DISMISSES** the same. Accordingly, the pending Motion to Proceed *in forma pauperis* [**Doc. 2**] is hereby **DENIED AS MOOT**. The Court hereby **DIRECTS** the Clerk to **STRIKE** this matter from the active docket of this Court and to enter judgment in favor of defendants.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to mail a copy to the *pro se* plaintiff.

**DATED**: September 24, 2021.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT COURT